The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ROBERT W. MONSTER,

    Plaintiff,

v.

N.V. NUTRICIA,

    Defendant.

Case No. 2:21-cv-1106-MJP

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

**JURY DEMAND**

FIRST AMENDED COMPLAINT - 1
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Plaintiff Robert W. Monster alleges for this First Amended Complaint against Defendant N.V. Nutricia on personal knowledge as to his own activities and on information and belief as to the activities of others as follows:

### Introduction

1. Plaintiff Monster brings this action to prevent the transfer of the domain name fortini.com, to Defendant Nutricia, and to obtain a declaration of lawful use of the domain name under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(D), and Declaratory Judgment Act, 28 U.S.C. § 2201.

2. Monster seeks declaratory relief to establish that his registration and use of the fortini.com domain name is not unlawful and that he is the rightful and proper owner of said domain name.

3. Monster also seeks to prevent the transfer of the fortini.com domain name to Nutricia. An administrative panel decision issued on August 2, 2021, in a proceeding before the National Arbitration Forum (Forum) under the Uniform Domain Name Dispute Resolution Policy (UDRP) ordering that the Domain be transferred.

### Parties

4. Plaintiff Robert W. Monster is an individual and a citizen of King County, Washington. He registered the domain name fortini.com with Epik, Inc. (Registrar), which has its principal office in King County, Washington.

5. Defendant N.V. Nutricia is a Dutch public limited company with a principal place of business at Eerste Stationsstraat 186, 2712HM, Zoetermeer Netherlands.

### Jurisdiction & Venue

6. Subject-matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338, and 2201 and under 15 U.S.C. § 1121 because this action involves a federal question arising under 15 U.S.C. § 1114(2)(D)(iv) and (v) and under 15 U.S.C. § 1125(d).

7. This Court has personal jurisdiction over Defendant Nutricia because Nutricia expressly agreed to submit to the jurisdiction of this Court in section 9 of its Forum Complaint.

FIRST AMENDED COMPLAINT - 2
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

8. Venue is proper (1) under 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff Monster's claim occurred, (2) under 28 U.S.C. § 1391(b)(3) because there is no district in which an action may otherwise be brought under 28 U.S.C. § 1391 and because Defendant Nutricia is subject to personal jurisdiction in this Court with respect to this action, and (3) under 28 U.S.C. § 1391(c)(2) because Defendant Nutricia is an entity with the capacity to sue and be sued under applicable law and is deemed to reside in this district because it is subject to the Court's personal jurisdiction with respect to this action.

9. Additionally, venue and jurisdiction are proper in the Western District of Washington, because Defendant Nutricia expressly agreed that any challenge to the Forum panel's decision, such as this action, may be brought in the courts in the location of the principal office of the Registrar, in accordance with UDRP Rule 3(b)(xiii). Here, the Registrar's principal office is in King County, Washington.

**Factual Background**

**A. Monster's good-faith registration of the fortini.com domain name**

10. According to historical domain-ownership records, the domain name fortini.com (the Domain) was first created on January 6, 1999.

11. From then until early 2021, the Domain was registered to an Italian individual named "Robert Fortini."

12. "Fortini" is a relatively common Italian surname.

13. In March 2012, Monster became the registrant of the Domain.

14. Monster did not register the Domain for the purpose of competing with, or preventing the use of the Domain by, any company which he knew to have trademark rights or other rights with regard to the term FORTINI.

15. Monster operates several internet-related businesses, including a domain-name registrar and web-hosting services.

16. Monster is also an investor in domain names, including domains that are potentially valuable because they consist of a popular surname.

FIRST AMENDED COMPLAINT - 3
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

17. Monster initially registered the Domain in March 2012 with the intention of holding the Domain, which consists of a popular surname, and possibly using it with one or more internet-related businesses.

18. Monster has never worked or operated a business in the fields of nutrition or childhood development and is unfamiliar with specialty products in those fields.

19. When Monster registered the Domain in March 2012, he had never heard of Netherlands-based Nutricia, its products, or its brands.

20. Monster has never used the Domain in connection with goods or services relating to the fields of nutrition and child development or in connection with medical food products.

**B.  Nutricia's foreign trademark use of the term "FORTINI" in connection with medical food products**

21. Nutricia manufactures and distributes, among other products, a medical food product called FORTINI in several international markets.

22. Nutricia describes its FORTINI product as a "medical food product" that is a "liquid food supplement, intended for dietary management of disease-related malnutrition in children more than one year of age."

23. As of March 2012, Nutricia had never sold its FORTINI product in the United States.

24. As of March 2012, Nutricia had never offered to sell its FORTINI product in the United States.

25. As of March 2012, Nutricia had never marketed or advertised its FORTINI product in the United States.

26. As of March 2012, Nutricia had never applied for trademark protection of its FORTINI mark with the U.S. Patent & Trademark Office (Trademark Office).

27. As of March 2012, Nutricia had never used the alleged FORTINI mark in commerce in the United States.

FIRST AMENDED COMPLAINT - 4
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

28. As of March 2012, the FORTINI mark was not well-known in the United States as a designation of origin for nutritional supplements or food products.

29. The FORTINI mark is still not well-known in the United States.

**C. The Trademark Office's refusal of Nutricia's application to obtain federal trademark registration for the term "FORTINI"**

30. In March 2020, Nutricia attempted to obtain a federal trademark registration for the term "FORTINI," in connection with various medical foods, by filing an application with the Trademark Office.

31. Nutricia's application to register "FORTINI" was filed on an intent-to-use basis under 15 U.S.C. § 1051(b) ("Section 1(b)").

32. This means that in Nutricia's March 2020 application to register "FORTINI," it represented to the Trademark Office that Nutricia had a bona fide intention to use its requested "FORTINI" mark in commerce with its goods and/or services in the near future.

33. Nutricia's March 2020 application to register "FORTINI" did not specify the date Nutricia first used the requested mark in commerce as would be required for a use-based application under Section 1(a).

34. In other words, Nutricia's trademark application confirmed that as of March 2020, it was not currently using the requested "FORTINI" mark in commerce with its goods and/or services.

35. On or about June 19, 2020, the Trademark Office issued an office action refusing registration of Nutricia's alleged "FORTINI" mark on the grounds that the "applied-for mark is primarily merely a surname" and therefore ineligible for trademark protection under 15 U.S.C. § 1052(e)(4).

36. On or about September 17, 2020, following Nutricia's response to the June 19, 2020, office action, the Trademark Office issued another office action which again refused registration of the "FORTINI" mark on the grounds that the "applied-for mark is primarily merely a surname" under 15 U.S.C. § 1052(e)(4).

FIRST AMENDED COMPLAINT - 5
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

37. Nutricia did not file a response to the September 17, 2020, office action.

38. On February 10, 2021, Nutricia filed with the Trademark Office a request for express abandonment of its application to register "FORTINI," stating that, "applicant hereby expressly abandons the application for trademark registration…."

39. Nutricia never filed a statement of use in commerce during the pendency of its abandoned application to register "FORTINI."

40. Nutricia never sought to convert its application to a use-based application under 15 U.S.C. § 1051(a) ("Section 1(a)") during the pendency of its abandoned application to register "FORTINI."

**D. Nutricia's pending application for federal trademark registration for "NUTRICIA FORTINI" on an intent-to-use basis**

41. In January 2021, Nutricia attempted to obtain a federal trademark registration for the term "NUTRICIA FORTINI," in connection with various medical foods, by filing an application with the Trademark Office.

42. Nutricia's application to register "NUTRICIA FORTINI" was filed on an intent-to-use basis under Section 1(b).

43. This means that in Nutricia's January 2021 application to register "NUTRICIA FORTINI," it represented to the Trademark Office that Nutricia had a bona fide intention to use its requested "NUTRICIA FORTINI" mark in commerce with its goods and/or services in the near future.

44. Nutricia's January 2021 application to register "NUTRICIA FORTINI" did not specify the date on which Nutricia first used the requested mark in commerce as would be required for a use-based application under Section 1(a).

45. In other words, Nutricia's trademark application confirmed that as of January 2021, it was not currently using the requested "NUTRICIA FORTINI" mark in commerce with its goods and/or services.

FIRST AMENDED COMPLAINT - 6
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

46. As of the filing of this First Amended Complaint, Nutricia has not sought to convert its application to register "NUTRICIA FORTINI" to a use-based application under Section 1(a).

**E.  Nutricia's UDRP Complaint and subsequent Decision ordering transfer of the Domain from Monster to Nutricia**

47. On or about June 24, 2021, Nutricia submitted a Complaint to the Forum under the UDRP challenging Monster's registration of the Domain. The dispute was submitted to a single-member arbitration panel under case number FA2106001952511.

48. Nutricia's Complaint and submissions to the Forum panel included knowing material misrepresentations that Monster's registration and use of the Domain violated its rights in the FORTINI mark.

49. Nutricia provided no evidence that it had used the mark in commerce in the United States before filing its UDRP Complaint.

50. Nutricia has not used the FORTINI mark in commerce in the United States in connection with the manufacture, sale, or transportation of any goods or services in the United States.

51. Nutricia has not used the NUTRICIA FORTINI mark in commerce in the United States in connection with the manufacture, sale, or transportation of any goods or services in the United States.

52. "FORTINI" is not a distinctive or famous mark in the United States within the meaning of 15 U.S.C. § 1125(c).

53. "NUTRICIA FORTINI" is not a distinctive or famous mark in the United States within the meaning of 15 U.S.C. § 1125(c).

54. Monster's registration and use of the Domain does not and is not likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Monster with Nutricia, or as to the origin of Nutricia's goods, or as to the sponsorship, or approval of Monster's goods, services, or commercial activities by Nutricia (of which none have existed in the United States).

FIRST AMENDED COMPLAINT - 7
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

55. Monster's registration and use of the Domain does not misrepresent the nature, characteristics, qualities, or geographic origin of Monster's or Nutricia's goods, services, or commercial activities.

56. Monster's registration and use of the Domain is lawful.

57. Monster believed and had reasonable grounds to believe that his registration and use of the Domain was a fair use and a lawful use.

58. Monster's registration and use of the Domain does not violate any applicable trademark law.

59. Nutricia has no U.S.-based federal or common law rights in the term "FORTINI."

60. Nutricia has no U.S.-based federal or common law rights in the term "NUTRICIA FORTINI."

61. Monster neither had nor has any intent to divert consumers from Monster's online location to a site that could harm any goodwill represented by Nutricia's alleged marks, either for commercial gain or with the intent to tarnish or disparage the alleged marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

62. On August 2, 2021, Forum panelist Sozos-Christos Theodoulou issued a decision (UDRP Decision) ordering Monster to transfer the Domain to Nutricia.

63. Monster is and will be irreparably harmed if the Domain is transferred to Nutricia.

64. The panel erred in finding that Nutricia had proved that the Domain was confusingly similar to a trademark in which it had established right under Paragraph 4(a)(i) of the Uniform Domain Name Dispute Resolution Policy.

65. The panel erred in finding that Nutricia had proved that Monster lacked rights and legitimate interests in the Domain under Paragraph 4(a)(ii) of the Policy.

66. The panel erred in finding that Nutricia had proved that Monster registered the Domain in bad faith under Paragraph 4(a)(iii) of the Policy.

FIRST AMENDED COMPLAINT - 8
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

67. The panel also erred in finding that Nutricia had proved that Monster used the Domain in bad faith under Paragraph 4(a)(iii) of the Policy.

## Cause of Action
## Declaratory Relief - 28 U.S.C. § 2201
## No Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)

68. An actual controversy exists about whether Monster should be entitled to the domain name FORTINI.COM under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

69. The Anticybersquatting Consumer Protection Act provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred under which the registrant may sue for a declaration that the registrant is not in violation of the ACPA and for injunctive relief, including the reactivation of the domain name.

70. Under 15 U.S.C. §1114(2)(D)(v), a registrant who is threatened with the loss of their domain name under the UDRP is provided with a cause of action to seek an injunction returning the domain name if the registrant can show that the registrant's registration or use of the Domain is not unlawful under the ACPA.

71. Nutricia does not have any exclusive use of the alleged "FORTINI" mark, nor did it have such a right at the time Monster registered the Domain Name.

72. At the time Monster registered the Domain, Nutricia's alleged mark was not "distinctive" as provided under 15 U.S.C. 1125(d)(1)(A)(ii)(I).

73. The Domain is not identical or confusingly similar to Nutricia's alleged "FORTINI" mark under 15 U.S.C. 1125(d)(1)(A)(ii)(I)–(II), because, among other reasons, the term "Fortini" is primarily merely a surname, as provided in 15 U.S.C. 1052(e)(4), as confirmed by Nutricia's express abandonment of its intent-to-use application to register the term "FORTINI."

74. The Domain is not identical or confusingly similar to Nutricia's alleged "NUTRICIA FORTINI" mark under 15 U.S.C. 1125(d)(1)(A)(ii)(I)–(II), because, among other reasons, the term "Fortini" is primarily merely a surname, as provided in 15

FIRST AMENDED COMPLAINT - 9
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

U.S.C. 1052(e)(4), and because the Domain includes neither the term "NUTRICIA" nor any similar term.

75. At the time Monster registered the Domain, Nutricia's alleged mark was not "famous" as provided under 15 U.S.C. 1125(d)(1)(A)(ii)(II).

76. The Domain is not dilutive of Nutricia's alleged "FORTINI" mark under 15 U.S.C. 1125(d)(1)(A)(ii)(II), because, among other reasons, the term "Fortini" is primarily merely a surname, as provided in 15 U.S.C. 1052(e)(4), as confirmed by Nutricia's express abandonment of its intent-to-use application to register the term "FORTINI."

77. The Domain is not dilutive of Nutricia's alleged "NUTRICIA FORTINI" mark under 15 U.S.C. 1125(d)(1)(A)(ii)(II), because, among other reasons, the term "Fortini" is primarily merely a surname, as provided in 15 U.S.C. 1052(e)(4), and because the Domain includes neither the term "NUTRICIA" nor any similar term.

78. Monster had reasonable grounds to believe that his registration and use of the Domain was a fair use or otherwise lawful, including without limitation because, as provided in 15 U.S.C. 1052(e)(4), the term "Fortini" is primarily merely a surname.

79. Nutricia has not used its claimed "FORTINI" mark in commerce in the United States.

80. Alternatively, Nutricia has not made a bona fide use of its claimed "FORTINI" mark in commerce in the United States.

81. Any use by Nutricia of its claimed "FORTINI" mark in the United States has not been in the ordinary course of trade, but done merely in an attempt to reserve a right in the mark.

82. Nutricia has not used its claimed "NUTRICIA FORTINI" mark in commerce in the United States.

83. Alternatively, Nutricia has not made a bona fide use of its claimed "NUTRICIA FORTINI" mark in commerce in the United States.

FIRST AMENDED COMPLAINT - 10
[Case No.: 2:21-cv-1106-MJP]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

84. Any use by Nutricia of its claimed "NUTRICIA FORTINI" mark in the United States has not been in the ordinary course of trade, but done merely in an attempt to reserve a right in the mark.

85. Monster's registration and use of the Domain does not, and is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Monster with Nutricia, or as to the origin, sponsorship, or approval of Monster's goods, services, or commercial activities by Nutricia.

86. Monster's registration and use of the Domain does not misrepresent the nature, characteristics, qualities, or geographic origin of Monster's or Nutricia's goods, services, or commercial activities.

87. Monster's registration and use of the Domain is lawful.

88. In registering and using the Domain, Monster has no "bad faith intent" as provided in 15 U.S.C. § 1125(d)(1)(A)(i) or under the non-exhaustive list of factors provided in 15 U.S.C. § 1125(d)(1)(B)(i), to profit from any rights claimed by Nutricia.

89. Monster neither had nor has any intent to divert consumers from Monster's online location to a site that could harm any goodwill represented by Nutricia's alleged marks, either for commercial gain or with the intent to tarnish or disparage the alleged marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

90. Monster used and has an intention to use, the Domain in the bona fide offering of goods or services and his prior conduct indicates a pattern of such bona fide conduct.

91. Monster did not provide material and misleading contact information when applying for registration of the Domain.

92. Monster has not failed, intentionally or otherwise, to maintain accurate contact information in connection with registration of the Domain.

93. Monster has not engaged in prior conduct indicating a pattern of providing material and misleading contact information or of failing, intentionally or otherwise, to provide accurate contact information in connection with registering domain names.

FIRST AMENDED COMPLAINT - 11
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

94. Monster has not registered or acquired multiple domain names which Monster knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties.

95. The Domain has been ordered transferred, and it would be transferred to Nutricia but for this action. Monster is and will be irreparably harmed if the Domain is transferred to Nutricia.

96. Monster believed and had reasonable grounds to believe that his registration and use of the Domain was a fair use and a lawful use.

97. Monster's registration and use of the Domain does not violate any applicable trademark law.

98. Nutricia has no U.S.-based federal or common law rights in the term "fortini" and Monster neither had nor has any intent to divert consumers from Monster's online location to a site that could harm any goodwill represented by Nutricia's non-existent mark, either for commercial gain or with the intent to tarnish or disparage the non-existent mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

99. Monster has provided Nutricia with notice of this action, as required by 15 U.S.C. § 1114(2)(v).

**Prayer for Relief**

Plaintiff Robert W. Monster respectfully requests the following relief:

1. A declaration by the court under 28 U.S.C. § 2201, that:
   a. Plaintiff Monster's registration, ownership, and use of the domain name fortini.com is lawful and proper and does not infringe on any right Defendant Nutricia may claim in that mark in the United States; and that
   b. The Registrar is not required to transfer the domain name fortini.com to Nutricia;

FIRST AMENDED COMPLAINT - 12
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

2. Injunctive relief under 15 U.S.C. § 1114(2)(D)(iv), enjoining Nutricia from accepting a transfer of the domain name fortini.com or from claiming ownership thereof; or if fortini.com has been transferred to Nutricia, an injunction requiring Nutricia to transfer it back to Monster;

3. An award of costs and expenses, including reasonable attorney's fees under 15 U.S.C. § 1114(2)(D)(iv)-(v);

4. To the extent the Court finds this to be an "exceptional" case, whether because of Nutricia's assertion of nonexistent alleged trademark rights or on other applicable grounds, an award of reasonable attorney fees under 15 U.S.C. § 1117(a); and

5. Any other relief the Court deems just and proper under the circumstances.

Dated: September 10, 2021

Respectfully Submitted,

**NEWMAN DU WORS LLP**

s/Derek Linke
s/Derek A. Newman
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800

s/Daniel R. Prince
Daniel R. Prince, WSBA No. 48709
*danielprince@epik.com*
2020 Maltby Rd. Ste 7 #412
Bothell, WA 98021
Telephone: (206) 289-0665

Attorneys for Plaintiff
Robert W. Monster

FIRST AMENDED COMPLAINT - 13
[Case No.: 2:21-cv-1106-MJP]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## Demand for Jury Trial

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Robert W. Monster respectfully requests a trial by jury of all issues so triable.

Dated: September 10, 2021

Respectfully Submitted,

**NEWMAN DU WORS LLP**

s/Derek Linke
s/Derek A. Newman
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800

s/Daniel R. Prince
Daniel R. Prince, WSBA No. 48709
*danielprince@epik.com*
2020 Maltby Rd. Ste 7 #412
Bothell, WA 98021
Telephone: (206) 289-0665

Attorneys for Plaintiff
Robert W. Monster

FIRST AMENDED COMPLAINT - 14
[Case No.: 2:21-cv-1106-MJP]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800