UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT W MONSTER,<br><br>                       Plaintiff,<br>     v.<br><br>NV NUTRICIA,<br><br>                       Defendant. | CASE NO. 2:21-cv-01106-TL<br><br>ORDER GRANTING MOTION TO WITHDRAW |

      This matter is before the Court on defense counsel's motion to withdraw as attorney of record for Defendant. Dkt. No. 20. This case was originally filed on August 17 (Dkt. No. 1), the Complaint was amended on September 10 (Dkt. No. 3), a summons was issued on September 24 (Dkt. No. 6), and proof of service was filed by Plaintiff on October 13, 2021 (Dkt. No. 7).

      On November 30, William G. Cason noted an appearance on behalf of Defendant. By stipulation of the parties, the Court then extended the time for Defendant to Answer or otherwise respond to Plaintiff's Amended Complaint four times, granting a final deadline of February 4, 2022, for the filing of an Answer. *See* Dkt. Nos. 10, 13, 16, 19. Despite these extensions, Defendant has not filed a responsive pleading.

ORDER GRANTING MOTION TO WITHDRAW - 1

On February 22, 2022, Mr. Cason filed this motion to withdraw as Defendant's counsel of record. Dkt. No. 20. In the motion, Mr. Cason declares that he advised Defendant "that, as a business entity other than a sole proprietorship, it is required by law to be represented by an attorney admitted to practice before this court. . . . [and] that failure to obtain such a replacement attorney . . . may result in the entry of a default judgment against it as to any claims of plaintiff or other parties." *Id.* at 1. With this information, Defendant "directed" Mr. Cason to "move for withdrawal as counsel." *Id.* at 2. Mr. Cason also stated that it was his understanding that Defendant "does not intend to engage another attorney to represent it in this matter." *Id.* The motion was noted for hearing on March 18, 2022. No opposition briefing was filed, and replacement counsel has not entered an appearance on behalf of Defendant.

On March 29, Plaintiff moved for entry of default due to Defendant's failure to timely respond to the Amended Complaint per the Court's time extension. Dkt. No. 22. Default was entered by the Clerk of the Court on April 4, 2022. Dkt. No. 23.

A motion for withdrawal that complies with LCR 83.2 "will ordinarily be permitted . . . [up to] sixty days before the discovery cut off date in a civil case." LCR 83.2(b)(1). Mr. Cason's motion complies with the requirements of LCR 83.2 and was filed before a case management scheduling order was entered in this case. Considering the early stages of this litigation, the fact that Defendant is fully advised of its need for representation, and the lack of opposition to the motion, the Court GRANTS the motion to withdraw (Dkt. No. 20). Defendant shall have **fourteen (14) days** to note the appearance of replacement counsel and show cause for setting aside the entry of default. If Defendant fails to do so, Plaintiff may move for default judgment per Fed. R. Civ. Proc. 55(b) and LCR 55(b).

IT IS SO ORDERED.

ORDER GRANTING MOTION TO WITHDRAW - 2

1  Dated this 5th day of April 2022.

<br>

Tana Lin
United States District Judge

ORDER GRANTING MOTION TO WITHDRAW - 3